# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 3 24 cr 0010 |
| Plaintiff, | JUDGE THOMAS M. ROSE |
| v. | INDICTMENT |
| | 18 U.S.C. § 2251(a) & (e) |
| | 18 U.S.C. § 2252(a)(4)(B) & (b)(2) |
| MICHAEL STALLWORTH, | 18 U.S.C. § 2422(b) |
| | 18 U.S.C. § 2427 |
| Defendant. | FORFEITURE |

THE GRAND JURY CHARGES:

### COUNT 1: Coercion & Enticement
### [18 U.S.C. §§ 2422(b) & 2427]

From on or around September 22, 2021 through on or about January 30, 2022, in the Southern District of Ohio, Defendant MICHAEL STALLWORTH, using any means and facility of interstate and foreign commerce, did knowingly persuade, induce, entice, and coerce any individual who had not attained the age of 18 years, namely, Minor A, a minor female child born in or about 2009 whose identity is known to the grand jury, to engage in sexual activity for which any person can be charged with a criminal offense, including the production of child pornography, as defined in 18 U.S.C. § 2256(8).

In violation of 18 U.S.C. §§ 2422(b) & 2427.

### COUNTS 2 - 4: Production of Child Pornography
### [18 U.S.C. § 2251(a) & (e)]

On or about the dates listed below, each date representing a separate count, in the Southern District of Ohio, Defendant MICHAEL STALLWORTH, having previously been convicted on or about April 7, 1994 under an Ohio law relating to sexual abuse and abusive sexual contact

involving a minor, namely, Ohio Revised Code § 2907.04, did employ, use, persuade, induce, entice, and coerce Minor A, a minor female child born in or about 2009 whose identity is known to the grand jury, to engage in sexually explicit conduct for the purpose of producing any visual depiction of such conduct, where such visual depiction was produced using materials that had been shipped and transported in and affecting interstate commerce by any means.

In violation of 18 U.S.C. § 2251(a) & (e).

| Count | Date |
|---|---|
| 2 | September 30, 2021 |
| 3 | October 11, 2021 |
| 4 | January 30, 2022 |

## COUNT 5: Possession of Child Pornography
## [18 U.S.C. § 2252(a)(4)(B) & (b)(2)]

On or about August 21, 2023, in the Southern District of Ohio, Defendant MICHAEL STALLWORTH, having previously been convicted on or about April 7, 1994 under an Ohio law relating to sexual abuse and abusive sexual contact involving a minor, namely, Ohio Revised Code § 2907.04, knowingly possessed matter which contained visual depictions that had been produced using materials that had been shipped and transported in and affecting interstate commerce, the production of such visual depictions having involved the use of a minor engaging in sexually explicit conduct, and such visual depictions being of such conduct.

In violation of 18 U.S.C. § 2252(a)(4)(B) & (b)(2).

## FORFEITURE ALLEGATION 1

Upon conviction of the offense in Count 1 of this Indictment, Defendant MICHAEL STALLWORTH shall forfeit to the United States, pursuant to 18 U.S.C. § 2428, any property, real or personal, that was used or intended to be used to commit or to facilitate the commission of the offense and any property, real or personal, constituting or derived from any proceeds obtained, directly or indirectly, as a result of the offense, including but not limited to:

a. Apple MacBook laptop, Model A1181;

b. Sony Vaio laptop, Model SVE171G12L, service tag number C904YBXM, serial number 54541757 0005538;

c. Apple iMac All-in-One computer, Model A2115, serial number C02DW1NBPN5V;

d. HP Envy desktop computer, Model 750-116, serial number MXX5510P25;

e. Motorola cellular telephone, Model Moto G Stylus 5G, IMEI 357459620557428, with blue case;

f. Apple iPhone 11, serial number F4GC73ARN72L, with black case; and

g. Apple iPhone 11, IMEI 350320522842911.

## FORFEITURE ALLEGATION 2

Upon conviction of one or more of the offenses in Counts 2 through 5 of this Indictment, Defendant MICHAEL STALLWORTH shall forfeit to the United States, pursuant to 18 U.S.C. § 2253(a): (1) any visual depiction described in 18 U.S.C. §§ 2251, 2251A, 2252, 2252A, 2252B or 2260, or any matter which contains any such visual depiction, which was produced, transported, mailed, shipped, or received in violation of Chapter 110 of Title 18 of the United States Code; (2) any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense(s); and (3) any property, real or personal, used or intended to be used to commit

3

or to promote the commission of such offense(s) or any property traceable to such property including, but not limited to, the property listed in Forfeiture Allegation 1.

## SUBSTITUTE ASSETS

If any of the property described above, as a result of any act or omission of the defendant:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c) or 18 U.S.C. § 2253(b), to seek forfeiture of any other property of the defendant, up to the value of the property described above.

A TRUE BILL

FOREPERSON

KENNETH L. PARKER
UNITED STATES ATTORNEY

GEORGE PAINTER (0097271)
KELLY K. ROSSI (NM 147107)
Assistant United States Attorneys